UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERETT, | 1:11-CV-00150 AWI GSA HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| JAMES A. YATES, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

I.   Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson,

440 F.2d 13, 14 (9th Cir. 1971). Accordingly, the Court will conduct a preliminary review pursuant to its authority under Rule 4.

II. Jurisdiction

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge "the lawfulness of confinement or to particulars affecting its duration." Hill v. McDonough, 547 U.S. 573, 579 (2006); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Additionally, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.2003).

In this case, Petitioner claims he was wrongfully found guilty at a prison disciplinary hearing. He alleges numerous violations of his due process rights occurred during or related to the hearing on his prison disciplinary violation. He claims the disciplinary violation has irreparably harmed him by precluding a favorable parole decision as well as other penalties.

Petitioner's claims concern the conditions of his confinement and are not cognizable in federal habeas corpus. McCarthy, 500 U.S. at 141-42. Petitioner alleges the length of his sentence is affected because his chances for a favorable parole decision are diminished as a result of the disciplinary violation. This claim is entirely speculative. If and when Petitioner becomes eligible for parole, the instant prison disciplinary violation may or may not factor into the parole decision. All relevant information available to the parole panel, positive and negative, must be considered. Cal. Code Regs., tit. 15, § 2402(b). The presence of one negative factor does not foreclose a favorable parole determination. Id. Rather, the ultimate decision is whether the inmate will pose an unreasonable risk of danger to society if released. Cal. Code Regs., tit. 15, § 2402(a). In Petitioner's

case, it is entirely possible that the prison disciplinary violation will not factor in at all to the parole determination, and even if it does, it may only be one of many circumstances considered. The violation may be stale at the time of a parole determination, there may be many other factors indicating unsuitability, or there may be many greatly outweighing the significance of the instant disciplinary violation such that it will not matter. The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Com'n, 220 F.3d 1134 (9th Cir.2000).

As to Petitioner's allegations concerning the loss of credits, the Court notes from the Rules Violation Report that Petitioner only forfeited certain privileges, and none of the penalties affected the duration of his sentence. (See Attachments to Petition.) Therefore, even if Petitioner's challenge to the disciplinary violation proved successful, his sentence would not necessarily be shortened. For the foregoing reasons, habeas jurisdiction does not lie in this case. Ramirez, 334 F.3d at 859.

Petitioner's challenges to the prison disciplinary violation concern the conditions of confinement, not the legality or duration of his confinement. The instant petition should be dismissed for lack of jurisdiction.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     March 8, 2011                    /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE